UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                      )
AMERICAN GUARANTEE &                  )
LIABILITY INSURANCE COMPANY,          )
                                      )
              Plaintiff,              )
                                      )
v.                                    )   C.A. No.:
                                      )
JOHN F. LAMOND, ESQ.; SEAN F.         )
MURPHY; TREMONT REALTY                )
INVESTMENTS, LLC; SEAMUR              )
ENTERPRISES, LLC; and COLUCCI,        )
COLUCCI, MARCUS & FLAVIN, P.C.,       )
                                      )
              Defendants.             )
_____)

## COMPLAINT FOR DECLARATORY JUDGMENT

### Introduction

This is a civil action for declaratory relief pursuant to 28 U.S.C. § 2201, in which the plaintiff, American Guarantee & Liability Insurance Company ("American Guarantee"), petitions this Court for a declaration of rights and obligations in connection with a professional liability insurance policy issued by it to John F. Lamond, Esq. ("Attorney Lamond"). American Guarantee seeks a declaration that it is not obligated to indemnify Attorney Lamond, or any purported assignee of his rights, for certain judgment liabilities that have entered against him in an underlying action entitled *Hill Financial Services Co., et al. v. Sean F. Murphy, et al.*, Norfolk Superior Court, C.A. No. 2009-01986 (the "Underlying Action").

### Parties

1.    Plaintiff, American Guarantee, is an insurance company organized and existing under the laws of New York with a principal place of business in Schaumburg, Illinois.

2. Defendant, Attorney Lamond, is an individual who resides at 21 Mulberry Street, Kingston, Massachusetts.

3. Defendant, Sean F. Murphy ("Murphy"), is an individual who resides at 3 Cook Street, Franklin, Massachusetts; Murphy purports to be an assignee of certain rights of Attorney Lamond.

4. Defendant, Tremont Realty Investments, LLC ("Tremont") is a Massachusetts limited liability company with a usual place of business located at 3 Cook Street, Franklin, Massachusetts; Tremont purports to be an assignee of certain rights of Attorney Lamond.

5. Defendant, SeaMur Enterprises, LLC ("SeaMur") is a Massachusetts limited liability company with a principal place of business located at 3 Cook Street, Franklin, Massachusetts; SeaMur purports to be an assignee of certain rights of Attorney Lamond.

6. Defendant, Colucci, Colucci, Marcus & Flavin, P.C. (the "Colucci Firm"), is a professional corporation with a principal place of business located at 424 Adams Street, Milton, Massachusetts; the Colucci Firm purports to be an assignee of certain rights of Attorney Lamond.

**Jurisdiction and Venue**

7. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it concerns a controversy between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

## Facts

### The Policy

10. American Guarantee issued a Lawyers Professional Liability Policy numbered LPL 5275479-4 to Attorney Lamond for the policy period May 20, 2007, to May 20, 2008 (the "Policy"). A true and accurate copy of the Policy is attached as Exhibit A hereto.

11. The Policy's insuring agreement states that American Guarantee "will pay on behalf of an **Insured**, subject to the limit of liability, all amounts . . . that an **Insured** becomes legally obligated to pay as **Damages** . . . because of a **Claim** . . . based on an act or omission in the **Insured's** rendering or failing to render **Legal Services** for others."

12. As used in the Policy's insuring agreement, the term "Damages" means:

   [T]he monetary portion of any judgment, award or settlement . . . . **Damages** expressly does not include:

   \*   \*   \*

   2. compensation for injury to or destruction of tangible property or loss of use or value thereof;

   \*   \*   \*

   4. criminal or civil fines, penalties (statutory or otherwise), fees or sanctions;

   5. punitive, exemplary or multiple damages;

   6. matters deemed uninsurable; [or]

   7. legal fees, costs and expenses paid to or incurred or charged by the Insured, no matter whether claimed as restitution of specific funds, forfeiture, financial loss, setoff or otherwise, and injuries that are a consequence of the foregoing . . . .

13. The Policy further states that it "shall not apply to any Claim based upon or arising out of, in whole or part . . . any intentional, criminal, fraudulent, malicious or dishonest

3

act or omission by an insured; except that this exclusion shall not apply in the absence of a final adjudication . . . that the act or omissions was intentional, criminal, fraudulent, malicious or dishonest."

## The Underlying Action

14. In November 2009, Hill Financial Services Company and Lawrence Hill (Successor Trustee to Marvin Hill), as Trustee of the M. Hill Companies (collectively, "Hill") filed the Underlying Action.

15. In the Underlying Action, Hill alleged:

- That it loaned a total of $1,890,000 to Tremont and SeaMur – *i.e.*, entities managed and controlled by Murphy, and whose loan obligations Murphy personally guaranteed – to purchase and develop contiguous lots located at 64, 124, and 136 Minot Road in Wareham, Massachusetts (the "Property");

- That Tremont, SeaMur, and Murphy (collectively, the "Murphy Defendants") defaulted on their loan obligations, forcing Hill to foreclose on the Property;

- That following the foreclosure, Hill was unable to sell or develop the Property because of title defects – *i.e.*, an undisclosed mortgage and an unrecorded "preservation restriction" due to the existence of an Indian burial ground on the Property;

- That prior to the loan closings, Attorney Lamond was aware of these title defects, but did not disclose them to Hill; and

- That prior to the loan closings Attorney Lamond certified to Hill that the borrowing entities possessed clear and unencumbered title to the Property.

16. Based upon these allegations, Hill claimed (*inter alia*) that Attorney Lamond (and the Murphy Defendants) negligently, fraudulently, and/or deceitfully induced Hill to make the loans.

17. Hill further claimed that in failing to disclose the known title defects, Attorney Lamond (and the Murphy Defendants) engaged in unfair and deceptive business conduct.

18. Consequently, Hill claimed that Attorney Lamond was "liable to [Hill] for unfair and deceptive business practices," and thus petitioned the Court to order Attorney Lamond (and the Murphy Defendants) to "pay Hill triple damages, costs and [a]ttorneys fees in accordance with Chapter 93A."

19. American Guarantee afforded Attorney Lamond a defense (under reservation of rights) against the Underlying Action through Joseph S. Berman, Esq. ("Attorney Berman") of Looney & Grossman LLP.

**The Cross-Claim**

20. In July 2010, the Murphy Defendants filed an answer to Hill's claims against them in the Underlying Action.

21. At that time, the Murphy Defendants also asserted a cross-claim against Attorney Lamond (the "Cross-Claim").

22. The Murphy Defendants' Cross-Claim alleged:

- That prior to the loan closings Attorney Lamond improperly certified that the borrowing entities possessed clear and unencumbered title to the Property;

- That Attorney Lamond knew (or should have known) that an Indian burial ground existed on the Property; and

- That Attorney Lamond failed to disclose his knowledge of the Indian burial ground to the Murphy Defendants.

23. Based upon these allegations, the Murphy Defendants claimed that Attorney Lamond negligently represented them, and that he also engaged in unfair or deceptive acts or practices in violation of Chapter 93A.

5

24.     Through Attorney Berman, American Guarantee also defended Attorney Lamond against the Murphy Defendants' Cross-Claim.

### The Jury Verdict

25.     On August 7, 2012, Attorney Berman obtained a summary judgment dismissal of Hill's claims against Attorney Lamond in the Underlying Action.

26.     On March 1, 2013, the Underlying Action proceeded to trial on Hill's claims against the Murphy Defendants, and on the Murphy Defendants' Cross-Claim against Attorney Lamond.

27.     Mid-trial, a settlement was reached as between Hill and the Murphy Defendants.

28.     On March 13, 2013, the jury returned a verdict against Attorney Lamond on the Murphy Defendants' Cross-Claim.

29.     The jury found that Attorney Lamond negligently represented the Murphy Defendants' interests, and that the Murphy Defendants sustained $20,000 in damages as a result of that negligence.

30.     Upon information and belief, the jury's $20,000 negligence award compensated for legal fees that Attorney Lamond charged to the Murphy Defendants in connection with his negligent representation of them.

31.     The jury also found that Attorney Lamond committed an unfair or deceptive act or practice in violation of Chapter 93A, and that the Murphy Defendants sustained $397,000 in actual damages as a result of that violation.

32.     Upon information and belief, the jury's $397,000 damages award compensated for lost property value attributable to Attorney Lamond's unfair and deceptive failure to disclose his knowledge of the existence of the Indian burial ground thereon.

33. The jury also found that Attorney Lamond knowingly and/or willfully committed the unfair and deceptive act or practice, and thus awarded the Murphy Defendants multiple/punitive damages (as afforded by Chapter 93A) of $794,000.

34. On July 25, 2013, the Court awarded the Murphy Defendants attorney fees (as afforded by Chapter 93A) of $111,190.62.

35. A judgment on the jury verdict entered on August 26, 2013, and American Guarantee is presently pursuing an appeal of same on Attorney Lamond's behalf.

## COUNT I

### (Declarations of Rights and Obligations Being Sought)

36. American Guarantee incorporates by reference the foregoing paragraphs 1 through 35 as if fully set forth herein.

37. This is a claim for declaratory relief concerning coverage for certain liabilities presented by the judgment upon the Murphy Defendants' Cross-Claim in the Underlying Action.

38. An actual controversy exists as to whether, if affirmed on appeal, the $20,000 of negligence damages awarded by the jury, the $397,000 of Chapter 93A actual damages awarded by the jury, the $794,000 of Chapter 93A multiple/punitive damages awarded by the jury, and the Court's Chapter 93A attorneys fee award of $111,190.62, are liabilities that qualify as covered "Damages" as contemplated by the Policy's insuring agreement.

39. American Guarantee seeks declarations that the $20,000 of negligence damages awarded by the jury, the $397,000 of Chapter 93A actual damages awarded by the jury, the $794,000 of Chapter 93A multiple/punitive damages awarded by the jury, and the Court's Chapter 93A attorneys fee award of $111,190.62, do not qualify as covered "Damages" as contemplated by the Policy's insuring agreement.

40. An actual controversy exists as to whether, if affirmed on appeal, the $397,000 of Chapter 93A actual damages awarded by the jury, the $794,000 of Chapter 93A multiple/punitive damages awarded by the jury, and the Court's Chapter 93A attorneys fee award of $111,190.62, are excluded liabilities by application of the Policy's exclusion of coverage for "any intentional, criminal, fraudulent, malicious or dishonest act or omission by an Insured."

41. American Guarantee seeks declarations that the $397,000 of Chapter 93A actual damages awarded by the jury, the $794,000 of Chapter 93A multiple/punitive damages awarded by the jury, and the Court's Chapter 93A attorneys fee award of $111,190.62, are excluded liabilities by application of the Policy's exclusion of coverage for "any intentional, criminal, fraudulent, malicious or dishonest act or omission by an Insured."

42. An actual controversy exists as to whether, if affirmed on appeal, the $794,000 of Chapter 93A multiple/punitive damages awarded by the jury, and the Court's Chapter 93A attorney's fee award of $111,190.62, are uninsurable liabilities as a matter of Massachusetts public policy.

43. American Guarantee seeks declarations that the $794,000 of Chapter 93A multiple/punitive damages awarded by the jury, and/or the Court's Chapter 93A attorney's fee award of $111,190.62, are uninsurable liabilities as a matter of Massachusetts public policy.

**Prayers for Relief**

WHEREFORE, American Guarantee respectfully requests that this Court enter an order declaring that:

a. The $20,000 of negligence damages awarded by the jury, the $397,000 of Chapter 93A actual damages awarded by the jury, the $794,000 of Chapter 93A multiple/punitive damages awarded by the jury, and the Court's Chapter 93A attorneys fee award of $111,190.62, do <u>not</u> qualify as covered "Damages" as contemplated by the Policy's insuring agreement;

b. The $397,000 of Chapter 93A actual damages awarded by the jury, the $794,000 of Chapter 93A multiple/punitive damages awarded by the jury, and the Court's Chapter 93A attorneys fee award of $111,190.62, <u>are</u> excluded liabilities by application of the Policy's exclusion of coverage for "any intentional, criminal, fraudulent, malicious or dishonest act or omission by an Insured"; and

c. The $794,000 of Chapter 93A multiple/punitive damages awarded by the jury, and the Court's Chapter 93A attorney's fee award of $111,190.62, <u>are</u> uninsurable liabilities as a matter of Massachusetts public policy.

American Guarantee respectfully request that this Court award such other and further relief as it deems just and proper.

                              Respectfully submitted,

                              AMERICAN GUARANTEE & LIABILITY
                              INSURANCE COMPANY,

                              By its attorneys,

                              /s/ Brian P. McDonough
                              Brian P. McDonough (BBO#637999)
                              ZELLE MCDONOUGH & COHEN LLP
                              101 Federal Street, 14th Floor
                              Boston, MA  02110
                              (617) 742-6520
                              bmcdonough@zelmcd.com

Dated: December 16, 2013