UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMERICAN GUARANTEE & <br> LIABILITY INSURANCE COMPANY, <br><br> Plaintiff <br><br> v. <br><br> JOHN F. LAMOND, ESQUIRE <br> SEAN F. MURPHY, TREMONT <br> REALTY INVESTMENTS, LLC, SEAMUR <br> ENTERPRISES,  and, COLUCCI, COLUCCI, <br> MARCUS & FLAVIN, P.C., <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br> C.A. No.: 1:13-cv-13168-RGS |

ANSWER AND COUNTERCLAIM

1. The defendants are without information sufficient to either admit or deny the allegation contained in paragraph one of the plaintiff's complaint.

2. The defendants admit the allegations contained in paragraph two the plaintiff's complaint.

3. The defendants admit the allegations contained in paragraph three of the plaintiff's complaint.

4. The defendants admit the allegations contained in paragraph four of the plaintiff's complaint.

5. The defendants admit the allegations contained in paragraph five of the plaintiff's complaint.

6. The defendants admit the allegations contained in paragraph six of the plaintiff's complaint.

7. The defendants admit the allegations contained in paragraph seven of the plaintiff's complaint.

8. The defendants admit the allegations contained in paragraph eight of the plaintiff's complaint.

9. The defendants admit the allegations contained in paragraph nine of the plaintiff's complaint.

10. The defendants admit the allegations contained in paragraph ten of the plaintiff's complaint.

11. The defendants state that the document referenced in paragraph eleven of the plaintiff's complaint speaks for itself.  As such, no answer is required.

12. The defendants state that the document referenced in paragraph twelve of the plaintiff's complaint speaks for itself.  As such, no answer is required.

13. The defendants state that the document referenced in paragraph thirteen of the plaintiff's complaint speaks for itself.  As such, no answer is required.

14. The defendants admit the allegations contained in paragraph fourteen of the plaintiff's complaint.

15. The defendants state that the pleading referenced in paragraph fifteen of the plaintiff's complaint speaks for itself.  As such, no answer is required.

16. The defendants state that the pleading referenced in paragraph sixteen of the plaintiff's complaint speaks for itself.  As such, no answer is required.

17. The defendants state that the pleading referenced in paragraph seventeen of the plaintiff's complaint speaks for itself.  As such, no answer is required.

18. The defendants state that the pleading referenced in paragraph eighteen of the plaintiff's complaint speaks for itself.  As such, no answer is required.

19. The defendants admit so much of paragraph nineteen of the plaintiff's complaint that alleges that American Guarantee retained Attorney Joseph Berman to represent Lamond in connection with the Hill litigation.  The defendants deny, however, the remaining allegations, express or implied, that American Guarantee properly fulfilled its obligation to Lamond *vis-à-vis* furnishing legal representation under the circumstances that existed.

20. The defendants admit the allegations contained in paragraph twenty of the plaintiff's complaint.

21. The defendants state that the pleading referenced in paragraph twenty-one of the plaintiff's complaint speaks for itself.  As such, no answer is required.

22. The defendants state that the pleading referenced in paragraph twenty-two of the plaintiff's complaint speaks for itself. As such, no answer is required.

23. The defendants state that the pleading referenced in paragraph twenty-three of the plaintiff's complaint speaks for itself. As such, no answer is required.

24. The defendants admit so much of paragraph twenty-four of the plaintiff's complaint that alleges that American Guarantee retained Attorney Joseph Berman to represent Lamond in connection with the Murphy crossclaim. The defendants deny, however, the remaining allegations, express or implied, that American Guarantee properly fulfilled its obligation to Lamond *vis-à-vis* furnishing legal representation under the circumstances that existed.

25. The defendants admit the allegations contained in paragraph twenty-five of the plaintiff's complaint.

26. The defendants admit the allegations contained in paragraph twenty-six of the plaintiff's complaint.

27. The defendants admit the allegations contained in paragraph twenty-seven of the plaintiff's complaint.

28. The defendants admit the allegations contained in paragraph twenty-eight of the plaintiff's complaint.

29. The defendants admit the allegation contained in paragraph twenty-nine of the plaintiff's complaint which alleges that a portion of the jury verdict contemplated the sum of $20,000 for negligence against Lamond. The defendants deny the remaining allegations and/or omissions contained in paragraph twenty-nine of the plaintiff's complaint.

30. The defendants are without information sufficient to either admit or deny the allegations contained in paragraph thirty of the plaintiff's complaint.

31. The defendants admit the allegations contained in paragraph thirty-one of the plaintiff's complaint.

32. The defendants are without information sufficient to either admit or deny the allegations contained in paragraph thirty-two of the plaintiff's complaint.

33. The defendants admit the allegations contained in paragraph thirty-three of the plaintiff's complaint.

34. The defendants admit the allegations contained in paragraph thirty-four of the plaintiff's complaint.

35. The defendants admit the allegations contained in paragraph thirty-five of the plaintiff's complaint.

## COUNT I

36. The defendants incorporate by reference all responses to paragraphs one through thirty-five as if specifically re-written herein.

37. The defendants state that the document referenced in paragraph thirty-seven of the plaintiff's complaint speaks for itself. As such, no answer is required.

38. The defendants deny the allegations contained in paragraph thirty-eight of the plaintiff's complaint.

39. The defendants state that the document referenced in paragraph thirty-eight of the plaintiff's complaint speaks for itself. As such, no answer is required. To the extent that an answer is required to paragraph thirty-nine of the plaintiff's complaint, the defendants deny same.

40. The defendants deny the allegations contained in paragraph forty of the plaintiff's complaint.

41. The defendants state that the document referenced in paragraph thirty-eight of the plaintiff's complaint speaks for itself. As such, no answer is required. To the extent that an answer is required to paragraph forty-one of the plaintiff's complaint, the defendants deny same.

42. The defendants deny the allegations contained in paragraph forty-two of the plaintiff's complaint.

43. The defendants state that the document referenced in paragraph thirty-eight of the plaintiff's complaint speaks for itself. As such, no answer is required. To the extent that an answer is required to paragraph forty-three of the plaintiff's complaint, the defendants deny same.

   WHEREFORE, the defendants respectfully request that this Honorable Court:

   (i)     dismiss the within complaint for Declaratory Relief;

   (ii)    enter Judgment on behalf of the defendants;

   (iii)   deny the plaintiff the relief that it requests;

   (iv)     award costs and attorneys fees to the defendants; and,

   (v)     order whatever other relief it deems meet and just.

### AFFIRMATIVE DEFENSES

1. The defendants state that the plaintiff is estopped by its conduct from prosecuting this claim.

2. The defendants state that if the plaintiff suffered any loss or damage said loss or damage was the result of some act or omission of some third person, party or entity or persons over whom the defendants exercised no control and for whom the defendants are not legally responsible.

3. The defendants state that there has been an insufficiency of process and an insufficiency of service of process with regard to this matter.

4. The defendants state that if the plaintiff suffered damages as alleged in its complaint said damages were caused by the intervening and/or superseding acts of a third person, party or entity which acts the defendants did not and reasonably could not foresee.

5. The defendants state that the plaintiff's complaint fails to state a claim upon which relief may be granted.

6. The defendants state that the plaintiff failed to meet those statutory requirements prerequisite to maintaining this action.

7. The defendants state that the plaintiff's claim is barred due to the applicable statute of limitations.

8. The defendants state that the plaintiff has "unclean hands" and, as such, is not entitled to relief either at law or in equity.

### COUNTERCLAIM

#### Parties

1. The counterclaim plaintiffs, are the duly authorized Assignees of John F. Lamond, Esquire.  Colucci, Colucci, Marcus & Flavin, P.C., maintains its usual place of business at 424 Adams Street, Milton, Massachusetts.

2. The counterclaim plaintiff, John Lamond is an individual who resides at 21 Mulberry Street, Kingston, Massachusetts.

3. The counterclaim plaintiff, Sean F. Murphy, is an individual who resides at 3 Cook Street, Franklin, Massachusetts.

4. The counterclaim plaintiff, Tremont Realty Investments, LLC, is a Massachusetts limited liability company with a usual place of business located at 3 Cook Street, Franklin, Massachusetts.

5. The counterclaim plaintiff, Seamur Enterprises, LLC, is a Massachusetts limited liability company with a principal place of business located at 3 Cook Street, Franklin, Massachusetts.

6. The counterclaim defendant, American Guarantee & Liability Insurance Company, including its employees, officers, directors, shareholders and attorneys, (hereinafter referred to both individually and collectively as "American Guarantee"), is an insurance company organized and existing under the laws of New York with a principal place of business in Schaumburg, Illinois.

Facts

7. At all times material hereto, John F. Lamond, Esquire (hereinafter referred to as "Lamond"), was engaged in the private practice of law within the Commonwealth of Massachusetts and was insured by a Lawyer's Professional Liability Policy issued by "American Guarantee."

8. At all times material hereto, Lamond was retained to provide legal counsel to Sean Murphy, Tremont Realty Investments, LLC and Seamur Enterprises, (hereinafter referred to both individually and collectively as "Murphy"), in conjunction with the acquisition and development of real property located in Wareham, Massachusetts.

9. As such, and at all times material hereto, an attorney/client relationship existed between Murphy and Lamond.

10. At all times material hereto, Murphy relied upon the legal advice provided by Lamond.

11. In connection with his purchase of real property located in Wareham, Massachusetts, Murphy incurred debt to Hill Financial Services Company, (hereinafter referred to as "Hill"), a private lender.

12. Hill foreclosed on the aforesaid real property due to non-payment.

13. On or about November 12, 2009, Hill instituted a deficiency action against Murphy and a claim against Lamond for, *inter alia*, malfeasance. That litigation was filed by Hill at the Norfolk Superior Court and known as docket number 09-01986 (hereinafter referred to as the "Hill litigation").

14. An Amended Complaint was filed by Hill on or about November 18, 2009. That

document contained four counts against Lamond sounding in fraud, deceit, unjust enrichment and malpractice respectively. (Exhibit "A").

15. On its face, the allegations against Lamond contained in the Hill complaint were deficient, baseless, improperly plead and ripe to be summarily dismissed. Moreover, the Amended Complaint filed by Hill did not assert a count alleging violation of M.G.L. c. 93A.

16. Indeed, Lamond was eventually successful in dismissing *all* four of the aforesaid counts contained in Hill's Amended complaint. As such, the matter ultimately proceeded to trial without Hill possessing or prosecuting any claim against Lamond.

17. On or about May 17, 2010, American Guarantee issued a letter to Lamond purporting to reserve their rights *vis-à-vis* the Hill litigation. That letter noted that American Guarantee had "reviewed the provisions of the policy in light of the allegations [made by Hill] in the Amended Complaint" (hereinafter referred to as the "reservation of rights letter"). (Exhibit "B").

18. The reservation of rights letter also articulated that "American Guarantee's position as to coverage for this matter is based on the allegations contained in the Amended Complaint and presently known facts."

19. The aforesaid May 17, 2010 letter was sent to Lamond by American Guarantee *before* Murphy (i) entered the Hill litigation and (ii) asserted any claims against Lamond.

20. Indeed, Murphy was defaulted two months later on or about July 14, 2010 for failing to answer the complaint filed by Hill. This default was removed, however, on or about July 29, 2010.

21. Thereafter, Murphy, for the first time, asserted claims against Lamond including, but not limited to, allegations of negligence and violation of M.G.L. c. 93A (hereinafter referred to as the "Murphy counterclaims").

22. American Guarantee never specifically articulated to Lamond a reservation of rights *vis-à-vis* the crossclaims asserted by Murphy.

23. American Guarantee issued only a single reservation of rights letter to Lamond—the letter referenced above and dated May 17, 2010.

24. None of the claims that Murphy would eventually pursue in the litigation were addressed by American Guarantee in the reservation of rights letter of May 17, 2010.

25. By sending a reservation of rights letter relating to claims asserted by Hill, but no

such reservation of rights letter relating to the claims filed by Murphy, American Guarantee let Lamond to believe that American Guarantee would provide coverage for all claims asserted against him by Murphy.

26. American Guarantee never notified Lamond of his right to obtain independent counsel *vis-à-vis* the Murphy counterclaims.

27. American Guarantee never notified Lamond that it was obligated to pay for the independent counsel of Lamond's choice to defend the Murphy counterclaims.

28. At various times hereto, Lamond demanded that American Guarantee settle the Murphy counterclaims to limit any potential award.

29. American Guarantee attended a mediation concerning the Murphy counterclaims and offered the sum of $250,000 in settlement. This offer was rejected at mediation.

30. Thereafter, (and at all times prefatory to and during trial), American Guarantee inexplicably reduced its settlement offer to $125,000 without any change in circumstance, rationale or explanation. This it did over Lamond's objection.

31. At all times material hereto, American Guarantee ignored and/or otherwise disregarded Lamond's expressed demand to achieve a settlement *vis-à-vis* the Murphy counterclaims.

32. It was while the trial was underway that Lamond first inquired of his assigned defense counsel, Attorney Joseph Berman, whether American Guarantee would cover any judgment for violation of c. 93A to which he was told "I don't know."

33. At all times material hereto, Lamond was unaware that American Guarantee was intending on reserving their rights *vis-à-vis* the Murphy counterclaims.

34. American Guarantee failed to expressly inform Lamond of their intention to reserve their rights and/or disclaim coverage *vis-à-vis* the Murphy counterclaims.

35. Contemporaneous with Lamond's initial inquiry concerning whether American Guarantee would provide coverage for Murphy's M.G.L. c. 93A claims, Attorney Berman sent an e-mail to Attorney Sandy Mitchell which stated "[h]e (plaintiff's counsel), seemed to spend more time on the 93A claim than the tort claim. Plaintiff made a strong closing, however, emphasizing [that] Mr. Lamond's [conduct]…was 'unfair and deceptive.'"

36. On or about March 12, 2013, Lamond sent an e-mail to Sandy Mitchell, counsel for American Guarantee which again suggested that achieving a settlement was his preference in order to "limit any potential liability."

37. Attorney Sandy Mitchell responded to Lamond by stating "I…assure you that the Company (American Guarantee), has also done a substantial amount of its own analysis (and number crunching), and we remain confident in our evaluation."

38. Subsequent to the failed mediation and up to and including the date of the jury verdict in the Hill litigation, American Guarantee never increased their $125,000 offer to settle the Murphy counterclaims.

39. The jury returned a verdict against Lamond on both Murphy's negligence and c. 93A counts (hereinafter referred to as the "Murphy verdict"). Attorneys fees and costs were also added by the court.

40. American Guarantee, through its express and implied representations, actions and omissions, led Lamond to reasonably believe that American Guarantee would provide coverage for all claims asserted against him by Murphy.

41. American Guarantee's foregoing conduct violated *inter alia*, M.G.L. c. 176D, in that it failed to seasonably affirm or deny coverage concerning Murphy's counterclaims.

42. American Guarantee's foregoing conduct lulled Lamond into a false sense of security that the Murphy counterclaims would be covered under his professional liability policy. Lamond detrimentally relied upon this reasonable belief.

43. American Guarantee's foregoing conduct deprived Lamond of the opportunity to properly defend and protect his personal interests *vis-à-vis* the Murphy counterclaims, all to his detriment.

44. At all times material hereto, American Guarantee ignored Lamond's plea to settle the Murphy counterclaims and instead exposed Lamond to significant personal liability.

45. At all times material hereto, American Guarantee sought to protect its own interests at the expense of Lamond's interests *vis-à-vis* the Murphy counterclaims.

46. American Guarantee filed a Notice of Appeal concerning the Murphy verdict. That appeal is pending.

47. On or about November 1, 2013, Lamond assigned his rights against American Guarantee to Murphy and Colucci, Colucci, Marcus & Flavin, P.C.

48. On or about November 6, 2013, a "demand for relief" pursuant to M.G.L. c. 93A was forwarded to American Guarantee via their counsel, Attorney Brian P. McDonough. (See Exhibit "C").

49. By agreement, American Guarantee tendered a response to the aforesaid "demand

for relief" on or about December 13, 2013. (Exhibit "D").

50. The aforesaid response was deficient, incomplete and failed to comply with American Guarantee's obligations under c. M.G.L. c. 93A.

51. In its aforesaid response, American Guarantee failed to tender a reasonable offer of settlement.

52. American Guarantee's response to Lamond's "demand for relief" was unreasonable and insufficient in that, inter alia, it never addressed, in any way, the crux of the claims set forth in the "demand for relief" letter, namely, that its conduct in the handling of claims against Lamond was unfair, deceptive and violative of M.G.L. c. 93A and c. 176D.

53. In its response, American Guarantee articulated, *inter alia*, that "…the policy provides no coverage for the liability determinations that have resulted against Attorney Lamond in the Underlying Action. The coverage grant in the Policy's Insuring Agreement is limited to amounts that Attorney Lamond becomes legally obligated to pay as expressly defined "Damages" and none of the amounts that he has become obligated to pay qualifies as same."

54. The aforesaid response from American Guarantee also notes, *inter alia*, that "[m]ore specifically, the $20,000 in negligence liability appears to have been compensation for legal fees charged by Attorney Lamond…; the $397,000 in actual damages awarded for the Chapter 93A violation appears to have been compensation for lost value of property…; the $794,000 awarded for the willful and/or knowing nature of his Chapter 93A violation constitutes punitive, exemplary or multiple damages…; and the $111,190.62 in attorney fees awarded for the Chapter 93A violation constitute a statutory penalty or sanction. Where none of these amounts qualify as liability for defined "Damages" as contemplated by the coverage grant in the Policy's Insuring Agreement, Attorney Lamond (or an assignee of his rights) cannot satisfy his predicate burden of demonstrating covered liability in the first instance."

55. In its aforesaid response, American Guarantee's stated analysis is speculative, improperly self-serving and avoids its obligation to properly analyze and adjust the aforesaid claims fairly and in the best interests of its insured.

56. American Guarantee filed a declaratory action with this Honorable Court wherein it specifically prayed that "[t]he $20,000 [sic] of negligence damages awarded by the jury, the $397,000 of Chapter 93A actual damages awarded by the jury, the $794,000 of Chapter 93A multiple/punitive damages awarded by the jury, and the Court's Chapter 93A attorneys fee award of $111,190.62 do <u>not</u> qualify as covered 'Damages' as contemplated by the Policy's insuring agreement." (Emphasis in original).

57. On or about December 17, 2013, American Guarantee tendered a written correspondence to Lamond wherein they asserted, *inter alia*, that Lamond had breached his contractual obligation by assigning his rights as described above.

58. This allegation was meant merely to intimidate and/or otherwise threaten Lamond and was not expressed in good faith nor supported by law. (Exhibit "E").

59. In the aforesaid letter, American Guarantee also "strongly cautions" Lamond against "…taking any action that may interfere with" the pending appeal.

60. When read together, American Guarantee's response of December 13, 2013, (referenced above), and their subsequent correspondence of December 17, 2013, crystallizes its position that it will not indemnify Lamond should its appeal fail, yet it insists that he pursue the appeal nonetheless.

61. American Guarantee will not indemnify Lamond should the aforesaid appeal fail.

62. Statutory interest continues to run during the appeal.  As such, American Guarantee is unilaterally subjecting Lamond to personally incurring additional, substantial and accruing interest and expenses while expressly professing, in advance, that it will not indemnify Lamond should the appeal ultimately fail.

63. All of American Guarantee's foregoing conduct is (i) in violation of M.G.L. c. 93A; (ii) in violation of M.G.L. c. 176D and, (iii) a breach of their contractual obligation to their insured.

64. As a result of American Guarantee's conduct, Lamond has suffered damages and loss.

## COUNT I-NEGLIGENCE

65. The counterclaim plaintiffs repeat and reaver all allegations contained in paragraphs one through sixty-four as restated here in full.

66. The counterclaim defendant's negligence caused the counterclaim plaintiffs to suffer damages and loss as described above.

    WHEREFORE, the counterclaim plaintiffs demand judgment against American Guarantee in an amount sufficient to fully compensate the counterclaim plaintiffs plus interest and costs.

## COUNT II-BREACH OF CONTRACT

67.  The counterclaim plaintiffs repeat and reaver all allegations contained in paragraphs one through sixty-six as if restated here in full.

68. The counterclaim defendant's breach of its contractual obligations caused the counterclaim plaintiffs to suffer damages and loss as described above.

    WHEREFORE, the counterclaim plaintiffs demand judgment against American guarantee in an amount sufficient to fully compensate the counterclaim plaintiffs plus interest and costs.

### COUNT III-VIOLATION OF M.G.L. c. 93A

69. The counterclaim plaintiffs repeat and reaver all allegations contained in paragraphs one through sixty-eight as if restated here in full.

70. The counterclaim defendant's conduct has violated the provisions of M.G.L. c. 93A thereby causing the counterclaim plaintiffs to suffer damages and loss as described above.

    WHEREFORE, the counterclaim plaintiffs demand judgment against American Guarantee, *including punitive damages as provided by M.G.L. c. 93A*, in an amount sufficient to fully compensate the counterclaim plaintiffs plus interest and costs.

### COUNT IV-VIOLATION OF M.G.L. c. 176D

71. The counterclaim plaintiffs repeat and reaver all allegations contained in paragraphs one through seventy as if restated here in full.

72. The counterclaim defendant's conduct has violated the provisions of M.G.L. c. 176D thereby causing the counterclaim plaintiffs to suffer damages and loss as described above.

    WHEREFORE, the counterclaim plaintiffs demand judgment against American Guarantee, *including punitive damages as provided by M.G.L. c. 176D*, in an amount sufficient to fully compensate the counterclaim plaintiffs plus interest and costs.

Respectfully submitted,
For the Counterclaim Plaintiff,
By Their Attorneys,
COLUCCI, COLUCCI, MARCUS & FLAVIN, P.C.


 /s/ DINO M. COLUCCI
Dino M. Colucci, Esquire
424 Adams Street
Milton, Massachusetts 02186
(617) 698-6000
BBO# 552331
dino@coluccilaw.com