UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-13168-RGS

AMERICAN GUARANTEE & LIABILITY
INSURANCE COMPANY

v.

JOHN F. LAMOND; SEAN F. MURPHY;
TREMONT REALTY INVESTMENTS, LLC;
SEAMUR ENTERPRISES, LLC; and
COLUCCI, COLUCCI, MARCUS & FLAVIN, P.C.

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

July 29, 2014

STEARNS, D.J.

American Guarantee & Liability Insurance Company issued defendant John F. Lamond, then a licensed attorney, a professional liability policy covering the period from May 20, 2007, through May 20, 2008. During the policy period, Lamond represented defendant Sean F. Murphy and two defendant companies in which he is the principal – Tremont Realty Investments, LLC, and Seamur Enterprises, LLC (collectively Murphy) – in the purchase of several lots of land for development. Prior to the closing, Lamond learned that the land was the site of an Indian burial ground and was subject to a preservation restriction. He nonetheless

certified to Murphy's mortgagor – Hill Financial Services Company – that titles to the land were free from any encumbrances. After the purchase, the truth was discovered, and Murphy was unable build on the land as planned and defaulted on the mortgage. Hill foreclosed on the lots, but could not develop or sell them because of the burial ground.

In 2009, Hill brought suit against Murphy and Lamond in the Norfolk Superior Court. Murphy, in turn, brought third-party claims against Lamond for, *inter alia*, professional negligence and violations of Mass. Gen. Laws Ch. 93A. In 2013, Murphy's claims against Lamond were tried to a jury, which awarded $20,000 to Murphy for Lamond's professional negligence, and $397,000 in actual damages for Lamond's deceptive acts and practices under Chapter 93A, doubled by the jury to $794,000 after it found that Lamond had acted willfully.[1] *Hill* Verdict, Pl.'s Ex. 1 at AG63-66. Pursuant to Chapter 93A, the court also awarded $111,190.62 in attorneys' fees to Murphy. *Hill* Docket, Pl.'s Ex. 1 at AG46. American Guarantee denies that Murphy's damages against Lamond are

---

[1] Lamond, represented by an attorney retained by American Guarantee, is appealing the jury verdict.

covered by Lamond's professional liability policy and seeks a declaration of the same by way of a partial summary judgment motion.[2]

DISCUSSION

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The parties agree that Lamond's professional liability insurance excludes coverage for

> 4. criminal or civil fines, penalties (statutory or otherwise), fees or sanctions;
>
> 5. punitive, exemplary or multiple damages; . . . [or]
>
> 7. legal fees, costs and expenses paid to or incurred or charged by the **Insured**, no matter whether claimed as restitution of specific funds, forfeiture, financial loss, setoff or otherwise, and injuries that are a consequence of the foregoing.

---

[2] Lamond has assigned his claim against American Guarantee to Murphy and Colucci. Defendants, by way of counterclaims, argue that American Guarantee is estopped from denying coverage to Lamond as a result of its conduct in defending Lamond in the *Hill* action. As the court previously noted, Lamond faces an "insoluble conflict of loyalties [because] he is contractually bound to assist and cooperate with American Guarantee on his defense in the underlying state action (the abdication of which would provide an independent basis for the denial of coverage under his professional liability policy), and he has similarly promised to assist and cooperate with Murphy and Colucci (his adversary in the underlying action) in pursuing his claim against American Guarantee." Dkt. No. 21. As "the court does not see a way to fairly proceed on any of Lamond's counterclaims in this action while the underlying state action is still ongoing . . . defendants' counterclaims [are] stayed until the resolution of the state court appeal." *Id.*

3

Policy § VI.E, Pl.'s Ex. 1 at AG08.  The policy also excludes

> any **Claim** based upon or arising out of, in whole or part: . . . any intentional, criminal, fraudulent, malicious or dishonest act or omission by an **Insured**; except that this exclusion shall not apply in the absence of a final adjudication . . . that the act or omission was intentional, criminal, fraudulent, malicious or dishonest.

Policy § III.A, Pl.'s Ex. 1 at AG04.

American Liability argues that the Chapter 93A jury award is excluded under the policy because it stemmed directly from a finding of willful and knowing conduct, and therefore falls within the definition of malicious.  *See Chervin v. Travelers Ins. Co.*, 448 Mass. 95, 109 (2006) ("Whatever is done wilfully and purposely, if it be at the same time wrong and unlawful, and that known to the party, is in legal contemplation malicious.  That which is done contrary to one's own conviction of duty, or with a wilful disregard of the rights of others, whether it be to compass some unlawful end, or some lawful end by unlawful means, or . . . to do a wrong and unlawful act knowing it to be such, constitutes legal malice.") (citation omitted).  Further, the doubling of the actual damages is excluded under the punitive damages exception.

Defendants acquiesce to the exclusion of the doubled damages, but assert that the actual damages of $397,000 is neither a penalty nor a punitive award.  However, there is no question that the jury found that

4

Lamond "knowingly and/or willfully commit[ted] the unfair and deceptive act or practice." Verdict Q. 8, Pl.'s Ex. 1 at AG0065. The unmultiplied actual damages are therefore excluded under Section III.A of the Policy.

With respect to attorneys' fees, American Guarantee argues that because the Chapter 93A remedy is contrary to the established American Rule, under which each party bears the cost of its own legal representation, they are punitive in intent and should be considered an excluded statutory penalty under the Policy. Although, as defendants observe, attorneys' fee awards under Chapter 93A are treated separately from the recovery of multiple damages, they are nonetheless, as American Guarantee argues, punitive in nature. "Statutory authorization to award attorney's fees to the prevailing party in certain types of actions primarily serves the interrelated purposes of encouraging private enforcement of particular laws chosen by the Legislature, *deterring illegal conduct in connection with these laws, and punishing those who violate these laws*." *Lincoln St. Realty Co. v. Green*, 374 Mass. 630, 632 (1978) (emphasis added). Indeed, "[p]rovision for attorney's fees under [Chapter] 93A reflects 'the Legislature's *manifest purpose of deterring misconduct* by affording both private and public plaintiffs who succeed in proving violations of [Chapter] 93A, § 2 (*a*), reimbursement for their legal services and costs.'" *Drywall Sys., Inc. v. ZVI*

*Const. Co., Inc.*, 435 Mass. 664, 672 (2002) (emphasis added, citation omitted). Thus, the attorneys' fees are excluded under § VI.E.5 of the Policy.

Finally, American Guarantee argues that the $20,000 negligence award is also excluded under the Policy because the award compensated Murphy for the fees paid to Lamond for legal services connected to the real estate transaction. Defendants deny that this was the purpose of the award and point out that the jury verdict form did not ask for a specific finding as to the purpose of the award. However, Mr. Colucci, in his closing argument to the jury, asked the jury to "add [$20,000] to the damages model" because it was what "Lamond was paid [] for the work that he did." *Hill* Trial Transcript, Pl.'s Ex. 1 at AG0093. Similarly, in his Motion for Judgment Notwithstanding the Verdict and for a New Trial, Lamond characterized the $20,000 as "obviously [] intended to reimburse Murphy for the legal fees paid to [him]." Pl.'s Ex. 1 at AG107. As these same parties in the *Hill* action agreed that the $20,000 award was intended as a reimbursement for attorneys' fees, the court deems them estopped from taking a self-contradictory position in this action. *See Patriot Cinemas, Inc. v. Gen. Cinemas Corp.*, 834 F.2d 208, 212 (1st Cir. 1987) ("It may be laid down as a general proposition that, where a party assumes a certain

position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.") (*citing Davis v. Wakelee*, 156 U.S. 680, 689 (1895)). Therefore, the negligence award is excluded under § VI.E.7 of the Policy.

## ORDER

Plaintiff's motion for partial summary judgment on the scope of coverage of defendant Lamond's professional liability insurance is <u>ALLOWED</u>. The parties will submit a joint proposed scheduling order for the disposition of defendants' counterclaims within 30 days of the resolution of the appeal of the state court *Hill* action. The Clerk will close the case administratively pending the decision of the state appeals court.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE