UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-13168-RGS

AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY

v.

JOHN F. LAMOND; SEAN F. MURPHY; TREMONT REALTY
INVESTMENTS, LLC; SEAMUR ENTERPRISES, LLC; and
COLUCCI, COLUCCI, MARCUS & FLAVIN, P.C.

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON
DEFENDANTS' COUNTERCLAIMS

April 4, 2016

STEARNS, D.J.

The remaining dispute in this litigation is whether plaintiff American Guarantee & Liability Insurance Company (AGLI) is estopped from denying professional liability insurance coverage to defendant John F. Lamond because it did not issue to Lamond a second reservation of rights letter in the underlying state court litigation. The facts of this case, taken in part from the court's earlier memorandum and order on AGLI's partial summary judgment motion for a declaration of the policy scope, are not disputed by the parties.

> [AGLI] issued [] Lamond, then a licensed attorney, a professional liability policy covering the period from May 20, 2007, through May 20, 2008. During the policy period, Lamond represented

defendant Sean F. Murphy and two defendant companies in which he is the principal – Tremont Realty Investments, LLC, and Seamur Enterprises, LLC (collectively Murphy) – in the purchase of several lots of land for development.  Prior to the closing, Lamond learned that the land was the site of an Indian burial ground and was subject to a preservation restriction.  He nonetheless certified to Murphy's mortgagor – Hill Financial Services Company – that titles to the land were free from any encumbrances.  After the purchase, the truth was discovered, and Murphy was unable build on the land as planned and defaulted on the mortgage.  Hill foreclosed on the lots, but could not develop or sell them because of the burial ground.

In 2009, Hill brought suit against Murphy and Lamond in the Norfolk Superior Court.  Murphy, in turn, brought third-party claims against Lamond for, *inter alia*, professional negligence and violations of Mass. Gen. Laws Ch. 93A.

Dkt. # 36 at 1-2.

In May of 2009, after Hill initiated the state court lawsuit, AGLI sent Lamond a letter informing him that while it had arranged for attorney Joseph Berman of the law firm of Looney & Grossman to defend him, it was "reserv[ing] all rights and defenses available under the Policy and at law to deny coverage on any of the [] bases" identified in the letter.[1]  AGLI Ex. I at SJ37 - 38.  Specifically, the reservation letter quoted that Lamond's policy

---

[1] "That kind of letter, generally known as a reservation of rights letter, avoids the aforementioned risks [of the insurer of either breaching the contractual duty to defend or being liable for damages as a result of the principles of estoppel], and has been approved by [the Supreme Judicial Court] on several occasions." *Sarnafil, Inc. v. Peerless Ins. Co.*, 418 Mass. 295, 309 (1994).

> does not apply . . . "[t]o any intentional, criminal, fraudulent, malicious or dishonest act or omission by an Insured; except that this exclusion shall not apply in the absence of a final adjudication or admission by an Insured that the act or omission was intentional, criminal, fraudulent, malicious or dishonest[.]"

*Id.* at SJ36.

> [T]he [*Hill*] Complaint alleges the Insured's failure to advise of the Indian issue was deceitful and claims the Insured's failure to advise Hill Financial of the Indian issue was done so fraudulently so that Hill Financial would loan money. . . . To the extent that this exclusion applies, American Guarantee may be able to deny coverage and reserves the right to do so.

*Id.* The reservation letter also noted that the definition of covered damages under the policy excluded

> 4.  criminal or civil fines, penalties (statutory or otherwise), fees or sanctions;
>
> 5.  punitive, exemplary or multiple damages; . . .
>
> 7.  legal fees, costs and expenses paid to or incurred or charged by the Insured . . .
>
> To the extent that Claimant may seek relief that is not included in the definition of "Damages," American Guarantee may be able to deny coverage and reserves the right to do so.

*Id.* at SJ37.  AGLI did not send Lamond a second reservation letter specifically addressing Murphy's third-party claims.

> In 2013, Murphy's claims against Lamond were tried to a jury, which awarded $20,000 to Murphy for Lamond's professional negligence, and $397,000 in actual damages for Lamond's deceptive acts and practices under Chapter 93A, doubled by the jury to $794,000 after it found that Lamond had acted

3

willfully. . . . Pursuant to Chapter 93A, the court also awarded $111,190.62 in attorneys' fees to Murphy.

Dkt. # 36 at 2.

While the appeal of the jury verdict was pending, AGLI brought this lawsuit seeking a declaration that the terms of Lamond's policy excluded coverage of the assessed damages.[2] In addition to its estoppel defense, defendants asserted four counterclaims: Negligent Misrepresentation (Count I); Breach of Contract (Count II); Violations of Mass. Gen. Laws ch. 93A (Count III); and Violations of Mass. Gen. Laws ch. 176D.[3]

---

[2] Subsequent to the jury trial, Lamond assigned his claim against AGLI to Murphy and his attorney, defendant Colucci, Colucci, Marcus & Flavin, P.C. The court stayed Lamond's counterclaims against AGLI in this action pending the outcome of the state court appeal (in which he was represented by Berman) because of his

> insoluble conflict of loyalties – he [was] contractually bound to assist and cooperate with American Guarantee on his defense in the underlying state action (the abdication of which would provide an independent basis for the denial of coverage under his professional liability policy), and he ha[d] similarly promised to assist and cooperate with Murphy and Colucci (his adversary in the underlying action) in pursuing his claim against American Guarantee.

Dkt. # 21. Colucci is also representing Lamond in this case.

[3] AGLI contends that the breach of contract claim fails as a matter of law because it undeniably fulfilled its contractual obligation to provide Lamond a defense in the *Hill* case. *Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co.*, 439 Mass. 387, 396 (2003) ("Although the duty [to defend] arises out of the contract and is measured by its terms, negligence in the manner of

4

In July of 2014, the court allowed AGLI's partial summary judgment motion on its declaratory judgment claim. *See* Dkt. # 36. In May of 2015, the Appeals Court of Massachusetts affirmed the jury's verdict in the underlying case. *See Hill Fin. Servs. Co. v. Murphy*, 87 Mass. App. Ct. 1122 (2015). The Supreme Judicial Court declined Lamond's invitation for further review.

## DISCUSSION

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

> To prevail on their negligent misrepresentation claims, the [defendants] must establish in this context that the [plaintiff], "in the course of [their] business, profession or employment, or in any other transaction in which [they had] a pecuniary interest, suppli[ed] false information for the guidance of others in their business transactions" without exercising "reasonable care or competence in obtaining or communicating the information," that those others justifiably relied on the information, and that

---

performing that duty as distinguished from mere failure to perform it, causing damage, is a tort."). AGLI also asserts that Mass. Gen. Laws ch. 176D does not itself authorize a private right of action, and is only enforceable by the commissioner of insurance. *Thorpe v. Mutual of Omaha Ins. Co.*, 984 F.2d 541, 544 n.1 (1st Cir. 1993). Defendants "concur [that] their claims for breach of contract and violations of Mass. Gen. Laws ch. 176D are subsumed by their claims for negligence and estoppel. . . . As such, the parties are in agreement that summary judgment may enter properly on Counts II and IV of the counterclaim[s]." Opp'n at 14 n. 3.

> they suffered pecuniary loss caused by their justifiable reliance upon the information.

*Cumis Ins. Soc'y, Inc. v. BJ's Wholesale Club, Inc.*, 455 Mass. 458, 471-472 (2009) (citation omitted).  The elements of the estoppel defense are similar.

> Circumstances that may give rise to an estoppel are (1) a representation intended to induce reliance on the part of a person to whom the representation is made; (2) an act or omission by that person in reasonable reliance on the representation; and (3) detriment as a consequence of the act or omission.

*Bongaards v. Millen*, 440 Mass. 10, 15 (2003).

As a threshold matter, the absence of a second reservation letter is not reasonably understood as a representation that AGLI did not intend to reserve its rights with respect to Murphy's third party claims against Lamond in light of the first letter.  Defendants cite to *Am. Family Mut. Ins. Co. v. Westfield Ins. Co.*, 2011 IL App (4th) 110088, ¶ 20 for the proposition that while "[t]here is no requirement that a reservation-of-rights letter be sent after the filing of the complaint, [] a second letter might be required if the filed complaint raised new issues."  Defendants make much of the fact that Hill did not assert a Chapter 93A claim against Lamond with respect to the Indian burial ground issue, while Murphy later did.  However, the reservation letter is clear that what was excluded under the policy was Lamond's conduct and certain categories of damages, and not a technical

6

formulation of the legal claims.  The policy excluded "any intentional, criminal, fraudulent, and malicious or dishonest act or omission by an Insured."  AGLI Ex. I. at SJ36.  The letter identified the allegations that Lamond's "failure to advise of the Indian issue was deceitful and . . . [his] failure to advise . . . was done so fraudulently."  *Id.*  As Murphy's third-party claims were based on the same allegations of misconduct, no new issues were raised.

Assuming, *arguendo,* that the absence of a second letter implied a conflicting message from the first letter, Lamond's reliance, without any efforts to rectify the two positions, was not reasonable.  "Although usually a question for the jury, whether the [claimant's] reliance was reasonable and justifiable can be a question of law where the undisputed facts permit only one conclusion."  *Cumis,* 455 Mass. at 474.

> Confronted by such conflict a reasonable person investigates matters further; he receives assurances or clarification before relying.  A reasonable person does not gamble with the law of the excluded middle, he suspends judgment until further evidence is obtained.  Explicit conflict engenders doubt, and to rely on a statement the veracity of which one should doubt is unreasonable.

*Trifiro v. New York Life Ins. Co.*, 845 F.2d 30, 33-34 (1st Cir. 1988).  The record is devoid of any evidence that Lamond obtained assurance or clarification from AGLI on his interpretation of the absence of a second

7

letter.⁴  As a matter of law, he cannot now "rel[y] on one of a pair of contradictories simply because it facilitates the achievement of [his] goal." *Id.* at 34.

With respect to the Chapter 93A claim, defendants also allege that AGLI engaged in unfair and deceptive business practices by failing to settle Murphy's claims against Lamond in good faith.  *See Silva v. Steadfast Ins. Co.*, 87 Mass. App. Ct. 800, 803 (2015) (unfair settlement practices claims may be brought under Chapter 93A).  Defendants complain at length that Berman did not dutifully advocate for Lamond's best interests by recommending to AGLI to reject a pre-verdict settlement that was below his project damages for the trial.  As the court previously noted in denying defendants' motion to amend the complaint to add a count for an alleged civil conspiracy between AGLI and Berman, *see* Dkt. # 56, "[s]ince the conduct of the litigation is the responsibility of trial counsel, the insurer is not vicariously liable for the negligence of the attorneys who conduct the defense for the insured."⁵  *Sullivan*, 439 Mass. at 408.

---

⁴ The only anecdote cited is Lamond's recollection that he queried Berman as to whether AGLI was providing coverage for the claims against him, and Berman replied that he did not know.

⁵ AGLI points out that Lamond has initiated a separate lawsuit against Berman in the Massachusetts Superior Court for Suffolk County.

AGLI's duty to settle the claims against Lamond "does not arise until liability has become reasonably clear.  Determining if a claim is covered by the policy is essential to evaluating the reasonableness of the insurer's response to a demand." *Pacific Indem. Co. v. Lampro*, 86 Mass. App. Ct. 60, 64 (2014) (internal quotation marks and citation omitted).  Having identified the specific provisions of the policy that excluded coverage of Lamond's conduct and damages in its reservation letter (those policy exclusions having also been confirmed by this court), it was never reasonably clear that AGLI's policy covered the claims against Lamond.  Absent such clarity, AGLI had no duty to settle Lamond's claims.

## ORDER

For the foregoing reasons, plaintiff's motion for summary judgment on defendants' counterclaims is <u>ALLOWED</u>.  The Clerk will enter judgment for plaintiff and close the case.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE